ALTENBERND, Judge.
Daniel F. Connors, Jr., and Delbert Watson appeal an order granting a permanent injunction in favor of the Lake Dexter Woods Homeowners Association, Inc. The injunction finds the long-standing conduct of Mr. Watson, a developmentally disabled person, to constitute a nuisance. It enjoins Mr. Watson from engaging in the conduct and further requires Mr. Connors, as Mr. Watson’s guardian advocate, to take all reasonable steps to prevent Mr. Watson from violating the injunction. We affirm the injunction with considerable reluctance and write to emphasize that, in any enforcement proceeding based on this injunction, the homeowners association should be required to establish willful and intentional violations.
Mr. Connors has lived in this neighborhood since 1987. Until a few years ago, he lived with his father. His father developed a friendship with Mr. Watson, who is developmentally disabled, and brought him into the home. After his father died, Mr. Connors became the guardian advocate for Mr. Watson.
Mr. Watson is over forty years old and has an “angry” personality. He uses “vulgar, vile, abusive and rude language” in a loud manner in the neighborhood. Although he has never carried out any act of violence against anyone in the neighborhood, he has threatened to hurt people. He drives his car in a threatening and aggressive manner toward pedestrians in the neighborhood. He has also been abusive to prospective homebuyers and guests in the neighborhood. It is clear that the neighborhood is afraid of Mr. Watson and views him as a tragedy waiting to happen. The homeowners association filed this action to establish that his conduct violates the Declaration of Covenants, Conditions and Restrictions governing the neighborhood.
Mr. Watson has not been declared legally incapacitated. His exact mental status is not well established in the record. However, the circuit court has declared him “a person with a developmental disability” pursuant to section 393.12(1), Florida Statutes (2008), and appointed Mr. Connors as his “guardian advocate” under section 393.12(2).
Section 393.12(8) requires a court to enter a detailed order when it appoints a guardian advocate. In the order, the court must include:
(a) The nature and scope of the person’s lack of decisionmaking ability;
(b) The exact areas in which the individual lacks decisionmaking ability to make informed decisions about care and treatment services or to meet the essential requirements for his or her physical health and safety;
(c) The specific legal disabilities to which the person with a developmental disability is subject;
(d) The name of the person selected as guardian advocate and the reasons for the court’s selection; and
(e) The powers, duties, and responsibilities of the guardian advocate, including bonding of the guardian advocate, as provided in s. 744.351.
§ 393.12(8).
The order appointing Mr. Connors as guardian advocate was introduced into evidence. It does not contain the information that the statute requires and simply gives Mr. Connors “full power to exercise all delegable legal rights and powers of’ Mr. Watson and “to have the care, custody and control of’ him.
*1214 This order establishing the guardian advocacy, of course, is not on appeal in this case. We address it because the injunction determines that Mr. Watson’s developmental disability is “no excuse for allowing the nuisance or violation of the Declaration to continue unabated.” Based on this record, we conclude that the trial court’s determination is supported by competent, substantial evidence, but the evidence concerning Mr. Watson’s status could be far more complete.
The extent to which Mr. Watson can consistently control his own behavior is not well established in this record. What exactly Mr. Connors can do to fulfill his obligation to “exercise all reasonable care to prevent” Mr. Watson from violating this injunction is unclear. It seems unfortunate that an injunction became the tool necessary to address this neighborhood’s problem, and we have some doubt about the efficacy of an injunction as a solution to the problem. But we conclude we have no authority to vacate the order. As a result, Mr. Connors now has a $47,000 judgment for attorneys’ fees entered against him for unsuccessfully defending his developmentally disabled friend and will have another judgment entered against him for the fees associated with this appeal.
Affirmed.
WALLACE and LaROSE, JJ., Concur.